# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, a municipal corporation, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INC., <br><br> Defendant. | Case No. 17 CV 7798 <br><br> NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANT EQUIFAX INC. |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(a), Defendant Equifax Inc. ("Equifax") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and (b), and states the following grounds for removal:

## I.   BACKGROUND

1. On September 28, 2017, Plaintiff the City of Chicago ("Plaintiff") filed a complaint in the Circuit Court of Cook County, Illinois, County Department; Chancery Division ("Circuit Court") captioned *City of Chicago v. Equifax Inc.* ("Complaint"). Plaintiff's case was assigned Case No. 2017 CH 13047.

2. Plaintiff's Complaint sets forth five causes of action and seeks legal, declaratory, and equitable forms of relief including civil penalties, injunctive relief, and restitution. Copies of the Summons and Complaint are attached hereto as Exhibit A. Nothing else has been filed in the Circuit Court to date.

3. Defendant Equifax was served with a copy of the Summons and Complaint on September 29, 2017.

## II.  REMOVAL IS PROCEDURALLY PROPER

4. This Notice of Removal is being filed by Equifax within 30 days of service, and is therefore timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

5. Removal is proper herein under 28 U.S.C. § 1441, which authorizes removal of any action over which the federal courts have original jurisdiction, provided that, in cases where original jurisdiction is predicated on diversity of citizenship, no defendant is a citizen of the state in which the action was commenced.  *See* 28 U.S.C. § 1441 (a) and (b).  Equifax is not a citizen of the State of Illinois. Furthermore, as described below, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1), which confers original jurisdiction over claims in excess of $75,000 between citizens of different states.

6. Venue is proper in this district and division because the Circuit Court is located within the Northern District of Illinois, Eastern Division of the United States District Court.  This venue is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal to federal court will be filed promptly with the Clerk of the Court for the Circuit Court of Cook County, Illinois, and a copy will be served on Plaintiff's counsel of record.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A)

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000.

9. For purposes of diversity jurisdiction, a city is a citizen of its state.  *See Goros v. County of Cook,* 489 F.3d 857, 859 (7th Cir. 2007).  Thus, the City of Chicago, which the Complaint avers is a municipal corporation organized and existing under the laws of the State of Illinois, is a citizen of Illinois. (Ex. A Complaint ¶11).

10. For purposes of diversity jurisdiction, a corporation is a citizen of its place of incorporation and its principal place of business.  *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Smoot v. Mazda Motors of Am., Inc.,* 469 F.3d 675, 676 (7th Cir. 2006)

(citing 28 U.S.C. § 1332(c)(l )).  Defendant Equifax is a corporation incorporated under the laws of Georgia, with its principal place of business in Georgia.  (Ex. A Complaint ¶12).  Thus, Equifax is a citizen of Georgia for purposes of diversity jurisdiction.

11. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Georgia, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

12. The amount in controversy exceeds $75,000.  Plaintiff seeks civil penalties for each violation involving a Chicago resident in the amount of $10,000, alleges thousands of such violations, and alleges certain continuing violations with the suggestion that fines should be assessed on a continuing basis.  (Ex. A Complaint ¶¶ 88, 97, 106, 113, 119).  Plaintiff also seeks equitable relief, including restitution.  Thus, the City's allegations make clear that the stakes are "at least $75,000."  *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006).

13. Because complete diversity exists and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. § 1332(a).

## IV.  NO WAIVER OF DEFENSES OR OBJECTIONS UNDER FED. R. CIV. P. 12(b)

14. By removing this case to federal court, Equifax does not waive any defenses or objections available under the Federal Rules of Civil Procedure.

[the remainder of this document is intentionally left blank]

WHEREFORE, Defendant Equifax requests that this action be brought to this Court, and that this Court exercise its jurisdiction over the case in its entirety.

Dated: October 30, 2017

Respectfully submitted,

*/s/* Jade R. Lambert
Zachary T. Fardon
Jade R. Lambert
KING & SPALDING LLP
444 W. Lake St., Suite 1650
Chicago, IL 60606
Telephone: (312) 764-6902
Fax: (312) 995-6330
jlambert@kslaw.com
zfardon@kslaw.com

*Attorneys for Defendant Equifax Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2017, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

      I also certify, pursuant to 28 U.S.C. § 1446(d), Federal Rules of Civil Procedure Rule 5(b), Local Rule 5.5, that a copy of the foregoing was sent via U.S. Mail to the adverse party in this matter to the individuals on the attached service list.

      Executed on October 30, 2017, at Chicago, Illinois.

                                                                            */s/* Jade R. Lambert  
                                                                            Jade R. Lambert

## **SERVICE LIST**

John L. Hendricks, Deputy Corporate Counsel
Thomas P. McNulty, Senior Counsel
Ellen W. McLaughlin, Assistant Corporation Counsel
Jordan A. Rosen, Assistant Corporation Counsel
City of Chicago Department of Law
Constitutional & Commercial Litigation Division
30 N. LaSalle St., Suite 1230
Chicago, IL 60602
Phone: (312) 744-6975, 742-0307, 742-5147, 744-9018
John.Hendricks@cityofchicago.org
Thomas.McNulty@cityofchicago.org
Ellen.McLaughlin@cityofchicago.org
Jordan.Rosen@cityofchicago.org


Diane M. Pezanoski, Senior Counsel
Fiona A. Burke, Chief Assistant Corporation Counsel
Michael C. Zumwalt, Assistant Corporation Counsel
City of Chicago Department of Law
Aviation, Environmental, Regulatory & Contracts Division
30 N. LaSalle St., Suite 1400
Chicago, IL 60602
Phone: (312) 744-6996, 744-6929, 744-5218
Diane.Pezanoski@cityofchicago.org
Fiona.Burke@cityofchicago.org
Michael.Zumwalt@cityofchicago.org