FILED
4/5/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
EW

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

ATTEST: A TRUE COPY
CERTIFIED THIS

APR 0 5 2018

James N. Hatten, Clerk
By: _____
Deputy Clerk

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION

MDL No. 2800

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the five actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2800. The Equifax defendants[1] oppose the motions to vacate.

After considering all arguments, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 involve factual questions arising from a cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, ___ F. Supp. 3d ___, 2017 WL 6031680 (J.P.M.L. Dec. 6, 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and/or statewide consumer class actions, actions brought by individual consumers and actions brought by financial institutions since have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. All five actions before the Panel involve allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiffs' personally identifiable information, which was compromised during the Equifax data breach, and/or that defendants failed to inform the public of the data breach in a timely manner.

Plaintiffs in the Central District of California *Abramson* and *Acosta-Smith* actions and the District of Maryland *Ward* action argue that motions to remand their actions to state court are pending in the transferor courts. The California plaintiffs alternatively request the Panel grant their pending motions to remand. First, Section 1407 does not confer on the Panel the authority to remand claims to state court. Second, jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co.*

---

[*] Judge Lewis A. Kaplan took no part in the disposition of this matter.

[1] Equifax Inc.; Equifax Information Services, LLC; and/or Equifax Consumer Services, LLC.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

*of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs in *Ward* argue that their motion to remand presents a unique jurisdictional issue, but as Equifax argues, the Panel has transferred an action to MDL No. 2800 involving the same jurisdictional issue. *See* CTO-1 Finalized, MDL No. 2800, *Benway v. Equifax, Inc.*, 1:17-cv-03360, ECF No. 7 (J.P.M.L. Dec. 18, 2017) (transferred from D. Maryland).

The California plaintiffs also argue that their actions and the jurisdictional issues raised in them are unique because the cases are brought by individuals and are not class actions like those included in the initial order of centralization. It is not unusual for individual and class claims to proceed together in an MDL, particularly where, as here, there is a common factual core and the parties can benefit from common discovery. And, as noted, there are already other individual actions in MDL No. 2800.

The *pro se* Middle District of North Carolina *Casper* plaintiff argues that his complaint includes allegations that Equifax mixed up his credit file with another consumer's, and that he wants his credit report fixed. Indeed, Equifax states that it seeks transfer only of claims involving allegations of the data breach, but as Equifax acknowledges, it is unclear from the complaint which claims relate to the data breach and which relate to plaintiff's allegations of a mixed up credit file. We find that the transferee judge is in the best position to determine which claims are not sufficiently related to the Equifax data breach to remain in centralized proceedings. If he determines that any particular claims are best excluded from centralized proceedings, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

The Northern District of Illinois *City of Chicago* plaintiff argues that *City of Chicago* is different from the MDL No. 2800 actions because (1) the scope of the city's home rule authority is a unique issue that potentially is dispositive of the entire case, and (2) both standing and class certification will be key issues in MDL No. 2800, but not in *City of Chicago*. Plaintiff does not dispute that *City of Chicago* shares factual questions with the consumer class actions arising from the data breach, and conceded at oral argument, when the Panel heard the initial motion for centralization of MDL No. 2800, that discovery among the actions will overlap. Transfer "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Though there may be some preliminary legal issues that are unique to *City of Chicago*, inclusion likely will result in efficiencies. Plaintiff also argues that since other enforcement actions already are pending outside MDL No. 2800, exclusion of *City of Chicago* from centralized proceedings will not impose a significant burden on defendant. That other cases fall outside the purview of the transferee court does not persuade us that we should add to that number where inclusion of the action is likely to promote the just and efficient conduct of the litigation.

We also are not convinced that any purported delay or prejudice, as asserted by plaintiffs in all five actions, makes transfer unwarranted. While transfer of a particular action might inconvenience or delay some parties to that action, such a transfer is appropriate if it furthers the

-3-

expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

**IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION**                                    MDL No. 2800

### SCHEDULE A

<u>Central District of California</u>

ABRAMSON, ET AL. v. EQUIFAX INC., C.A. No. 8:17-02201
ACOSTA-SMITH, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 8:18-00005

<u>Northern District of Illinois</u>

CITY OF CHICAGO v. EQUIFAX, INC., C.A. No. 1:17-07798

<u>District of Maryland</u>

WARD, ET AL. v. EQUIFAX, INC., ET AL., C.A. No. 1:17-03246

<u>Middle District of North Carolina</u>

CASPER v. EQUIFAX, INC., C.A. No. 1:17-01004